UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-24598-BLOOM/Elfenbein

SHAINA TAYLOR-BROOKS,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

ORDER ON DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant")

Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [17] ("Motion"). Plaintiff Shaina

Taylor-Brooks ("Plaintiff") filed a Response in Opposition, ECF No. [18], to which Defendant

filed a Reply, ECF No. [21]. The Court has carefully reviewed the Amended Complaint, the

Motion, the Response, the Reply, and is otherwise fully advised. For the reasons set forth below,

Defendant's Motion is granted.

**I.     BACKGROUND**

Plaintiff filed her Amended Complaint[1] against Defendant alleging she was injured while

a passenger aboard Defendant's vessel, *Carnival Conquest*. ECF No. [9] ¶ 1. On August 12, 2024,

Plaintiff states that while sitting on the lower bed in her cabin, she was injured when an overhead

fold-out bunk bed fell onto her head. *Id.* ¶ 9. According to Plaintiff, unused upper bunk beds in the

cabins may be secured to the wall when not in use. *Id.* ¶ 2. The bunk beds can only be stowed and

---

[1] Plaintiff filed her Complaint on October 6, 2025. ECF No. [1]. On October 29, 2025, Defendant filed a motion to dismiss. ECF No. [6]. In response to the motion and pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff filed an Amended Complaint on November 12, 2025. ECF No. [9].

locked using a specialized wrench/tool exclusively possessed by Carnival crew members, typically the cabin steward. *Id.* ¶ 3. Passengers do not have access to this tool. *Id.* Plaintiff contends that when the bed is properly locked using the crew's mechanical locking procedure, the bunk cannot be manually deployed by a guest and cannot fall unexpectedly. *Id.* ¶ 4. Defendant posts a sign stating: "CAUTION Please call attendant for assistance with the extra bed[.]" *Id.* ¶ 40.

On August 12, 2024, Plaintiff states that she and her sister manually lifted and pushed the two unmade upper bunks upward. *Id.* ¶ 5. Plaintiff believed the beds were in an upright, stowed position. *Id.* Plaintiff and her sister then left the cabin to allow a steward, acting within the course and scope of his employment, to enter the cabin for servicing. *Id.* ¶¶ 6-7. Plaintiff contends that while the steward was in the cabin, he had exclusive control over the mechanical locking key, the bunk mechanism, and had the responsibility to secure the bunks under Defendant's policies. *Id.* ¶ 8. When Plaintiff returned to her cabin, Plaintiff again pushed the bunk upward, believed it was secure, sat on the lower bed, and the unsecured upper bunk fell onto her head. *Id.* ¶ 9. As a result, Plaintiff suffered head injuries and other harms. *Id.* ¶ 18.

Plaintiff alleges that, under maritime law, Defendant is directly and vicariously liable for the harm she suffered. She asserts a claim for Vicarious Liability – Active Negligence of Employee (Count I); Direct Liability – Negligent Maintenance and Policies (Count II); Direct Liability – Negligent Failure to Warn – Steward-Level Knowledge (Count III); and Direct Liability – Negligent Failure to Warn – Inadequate Written Warning (Count IV). *See* ECF No. [9]. She alleges Defendant is vicariously liable for the negligence of the steward who serviced her cabin because he failed to lock the bunk or test whether it was secured, failed to verbally warn Plaintiff of the danger, and failed to eliminate the hazard. *Id.* ¶¶ 14-15. She alleges Defendant is directly liable for failing to ensure its crew consistently used the locking tool, failing to enforce mandatory

mechanical lock engagement, and failing to implement adequate inspection procedures. *Id.* ¶ 23. She also alleges Defendant is directly liable for the steward's failure to verbally warn Plaintiff of the danger and for Defendant's failure to adopt an adequate written warning of the bunk bed's danger. *Id.* ¶¶ 31, 39-40.

Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint. ECF No. [17]. Defendant argues the Amended Complaint should be dismissed as a shotgun pleading and under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. *Id.* Defendant contends the Amended Complaint fails to include facts sufficient to establish Defendant's notice or any negligent act committed by an employee. *Id.* at 2. Defendant further argues that Plaintiff brings negligent mode of operation claims that are unrecognized under maritime law. *Id.* at 8-9. Plaintiff responds that the Amended Complaint is well-pled, establishes Defendant had notice of the hazard, and does not include any negligent mode of operation claims. ECF No. [18].

## II. LEGAL STANDARD

### A. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations

must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

### B. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading [violates Rule 8(a)(2) and] constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). Such unclear pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (*quoting Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). The negative externalities also extend beyond a

single case. "[J]ustice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id.* Accordingly, shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009) (citations omitted).

The Eleventh Circuit has identified four types of shotgun pleadings, the "unifying characteristic" of which being that all shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The first and "most common type" of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type of shotgun pleading is the complaint that is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Third is the pleading "that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. Fourth is the pleading that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* The "unifying characteristic of shotgun pleadings is that they fail "to give defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

**C. General Maritime Law**

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec*

5

*v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro*, 693 F.3d at 1336 (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

## III.   DISCUSSION

### A. Shotgun Pleading

Defendant argues that Plaintiff's Amended Complaint must be dismissed as a shotgun pleading because it adopts the allegations of all preceding counts and fails to separate distinct causes of action. ECF No. [17] at 5. Defendant argues Count I commingles vicarious and direct liability claims by asserting the steward's negligence while also asserting Defendant owed Plaintiff a duty to ensure that its employees acted reasonably while performing cabin-servicing operations. *See* ECF No. [17] at 6. Defendant argues that Count II commingles negligent maintenance, negligent training, negligent supervision, and negligent mode of operation causes of action that must be pled separately. *Id.* at 7. Plaintiff responds that the Amended Complaint properly separates claims of vicarious liability (Count I) from direct liability (Counts II-IV) and the facts upon which the claims rest are clear. *See* ECF No. [18] at 3.

The Court agrees with Defendant that the Amended Complaint is a shotgun pleading. The Amended Complaint is quintessentially the first type of shotgun pleading identified in *Weiland* because each count "re-alleges" all preceding paragraphs "as if fully set forth herein." *See* ECF Nos. [9] ¶¶ 10, 20, 27, 36. Additionally, Count I is a shotgun pleading where it commingles allegations of Defendant's duty, a direct liability claim, with the steward's breaches, a vicarious liability claim. *See Miles v. Carnival Corp.*, 767 F. Supp. 3d 1368, 1374 (S.D. Fla. 2025) ("Although Plaintiff is permitted to bring claims under a direct negligence theory or vicarious liability, each claim must be pled separately so as not to constitute a shotgun pleading.").

Moreover, Count II combines distinct causes of actions as Plaintiff alleges Defendant breached its "duty to maintain its vessel, stateroom equipment, and bunk bed mechanisms in a reasonably safe condition" and its "duty to adequately train, supervise, and enforce its own bunk-locking procedures." ECF No. [9] ¶¶ 21-22. Alleging negligence based on a failure to maintain, failure to train, failure to supervise, and failure to enforce procedures are distinct causes of action that must be pled separately. *See Lawing v. Carnival Corp.*, 24-cv-22101, 2024 WL 4723114, at *4 (S.D. Fla. Nov. 8, 2024) (dismissing a count as a shotgun pleading because it combines allegations of defendant's failure to train, warn, and maintain). The Amended Complaint is not only a shotgun pleading but is deficient on several other bases explained below.

**B. Failure to State a Claim**

**1. Vicarious Liability – Count I**

Defendant argues that Count I must be dismissed because Plaintiff's "conclusory" allegations "do not plausibly allege any negligence on behalf of the employee" that would form the basis of a vicarious liability claim. *See* ECF No. [17] at 16-20. Defendant argues that Plaintiff is attempting to circumvent the notice requirement by improperly asserting a direct liability claim

under a theory of vicarious liability. *Id.* Plaintiff responds that Count I properly alleges Defendant is vicariously liable based on the steward's negligence when he "failed to lock the bunk or perform the mandatory pull-down safety test." ECF No. [18] at 2. Plaintiff also argues *res ipsa loquitur* supports an inference of the steward's negligence where the Amended Complaint alleges the steward had "exclusive control" of the locking tool and "a properly locked bunk bed does not fall." *See* ECF No. [18] at 4. The Court agrees with Defendant that Plaintiff has failed to allege facts sufficient to establish the steward's negligence.

Under the theory of vicarious liability "an otherwise non-faulty employer [can] be held liable for the negligent acts of [an] employee acting within the scope of employment." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (internal quotation marks omitted). To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko v. NCL (Bah.), Ltd.*, 4 F.4th 1164, 1167-1168 (11th Cir. 2021).

Here, Plaintiff fails to allege any facts to establish that the steward's negligent acts caused Plaintiff's injury. Plaintiff asserts "[a]s a direct and proximate result of the steward's negligent failure to secure the bunk, Plaintiff suffered head injuries[. . .]." ECF No. [9]. The Court is not bound to accept legal conclusions as true. *See Twombly*, 550 U.S. at 555. Plaintiff does not establish how the steward failing to lock the bunk, perform a safety test, verbally warn Plaintiff of the danger, or eliminate the hazard caused Plaintiff's injuries. *See* ECF No. [9] ¶¶ 13-15. Rather, the Amended Complaint alleges it was Plaintiff's actions that created the hazard causing her injuries. After the steward left, *Plaintiff* pushed the bed upward. *Id.* ¶ 9. Even though she believed the bed was secure, the bed could not be properly locked because Plaintiff does not have access to

the specialized locking tool. *Id.* ¶¶ 3, 9. Plaintiff was then injured when the unsecured bed that she pushed upright fell unexpectedly. *Id.* ¶¶ 9, 18. Any inference that Plaintiff would not have pushed the bed upright if the steward had acted differently does not rise above mere speculation. *See Twombly*, 550 U.S. at 555.

Furthermore, Plaintiff's actions preclude application of *res ipsa loquitur* because, as alleged, it was not a failure of the locking mechanism that caused Plaintiff's injuries but Plaintiff pushing the bed upright without locking it. Thus, the requirement that "the instrumentality causing the injury was under the exclusive control of the defendant" cannot be met. *See Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1181 (11th Cir. 2020).

In sum, Plaintiff has not alleged facts to demonstrate the steward's allegedly negligent acts caused Plaintiff's harm. Therefore, Count I is also due to be dismissed for failing to plead facts necessary to sustain a claim of vicarious liability.

## C. Direct Liability – Counts II-IV

### 1. Notice of the Hazard

Under a direct theory of liability, a cruise ship operator only has a duty to warn or otherwise protect a passenger from danger if the operator has "actual or constructive notice of the unsafe condition." *Horne v. Carnival Corp.*, 741 F. App'x 607, 608 (11th Cir. 2018) (citing *Keefe*, 867 F.2d at 1322); *Yusko*, 4 F.4th at 1167 ("[P]assenger cannot succeed on a maritime negligence claim against a shipowner unless that shipowner had actual or constructive notice of a risk-creating condition."). "Actual notice exists when the defendant knows about the dangerous condition" and "[c]onstructive notice exists where 'the shipowner ought to have known of the peril to its passengers, the hazard having been present for a period of time so lengthy as to invite corrective measures.'" *Holland*, 50 F.4th at 1095 (quoting *Keefe*, 867 F.2d at 1322 and citing *Guevara v.*

9

*NCL (Bah.), Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)). A plaintiff can also establish constructive notice by alleging "substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior incident.'" *Guevara*, 920 F.3d at 720 (quoting *Jones v. Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988)).

### a.   Count III—Actual Notice

Defendant argues that Count III fails to establish that the steward, or any employee, had firsthand knowledge that the bunk was unsecured after the steward left the cabin and after Plaintiff pushed the bed upward. *See* ECF No. [17] at 13. Plaintiff asserts the steward had firsthand knowledge of the unsecured bunk because when he entered the cabin, the bed was upright and unsecured, and he "observed—or should have observed—that the upper bunk was pushed up without being locked." ECF No. [9] ¶¶ 30-33. The Court finds the facts alleged do not establish actual notice.

Actual notice requires knowledge of the particular injury-causing hazard. *See Keefe*, 867 F.2d at 1322-23 (discussing that actual and constructive notice centers on knowledge of the "particular unsafe condition at issue[,]" and thus liability "hinges on" knowledge of "*the treacherous wet spot.*" (emphasis added)). Here, Plaintiff fails to allege actual knowledge of the injury-causing hazard. The Amended Complaint identifies the hazard as "[a] bunk appearing visually stowed but lacking mechanical engagement." ECF No. [9] ¶ 29. Plaintiff has not alleged a hazard exists when the bed is lowered. In addressing a motion to dismiss, the Court makes all plausible inferences in Plaintiff's favor, but the Court does not cast aside common sense. Thus, when Plaintiff returned to her room and before she pushed the bed upward, common sense dictates that the bed was in its lowered position. Plaintiff does not allege any facts to the contrary. It is only when Plaintiff pushes the bed upward without properly locking it that the bed becomes a hazard

leading to Plaintiff's injuries. Plaintiff does not allege any facts to suggest the steward, or any employee, had knowledge that Plaintiff pushed the bed up again. Furthermore, alleging the steward knew, or should have known, the bed was previously in a hazardous, upright position does not establish knowledge of the particular injury-causing hazard.[2]

Thus, actual notice requires that the Defendant have knowledge of the particular hazard at issue. As such, Plaintiff must allege facts that the steward, or any employee, had actual knowledge of the bed's unsecured position *after* the steward left and Plaintiff pushed the bed upward but before Plaintiff was injured. Because the Amended Complaint fails to include sufficient allegations, Plaintiff fails to establish the steward had actual notice of the hazard. Therefore, Count III is also due to be dismissed.

### b. Counts II and IV—Constructive Notice

In Counts II and IV, Defendant argues Plaintiff's "vague, conclusory, [and] speculative" claims regarding safety policies, work orders, and training do not demonstrate how Defendant had constructive notice of the specific dangerous condition. *See* ECF No. [17] at 14. Plaintiff alleges that Defendant had constructive notice because Defendant "knew unsecured bunks posed a recurring danger" and its safety procedures, bunk inspections, and crew training demonstrate Defendant is aware of the danger unsecured bunks pose to passengers. *See* ECF No. [9] ¶¶ 25, 41. Specifically, Plaintiff contends Defendant had constructive notice through its safety policies "mandating pull-down tests and daily bunk safety inspections[,]" its maintenance records for work orders that "document[] recurring failures, including 'top bunk cannot lock,' 'bunk bed lock

---

[2] Even if knowledge of this previous hazard was sufficient, Plaintiff still did not plead any facts to establish that the steward observed the bed in the upright, unsecured position. Simply asserting the steward "*should have* observed" the unsecured upper bunk is insufficient to establish actual notice because actual notice requires pleading facts establishing what the steward did, in fact, observe, not just alleging that he should have observed the alleged hazard.

11

broken,' 'safety lock broken,' and loose/missing hardware[,]" and its training "acknowledging that guests frequently push bunks up themselves." ECF No. [9] ¶¶ 24, 41. Plaintiff also argues Defendant had constructive notice because the hazard existed from the time the cabin steward serviced the room until the accident occurred. ECF No. [18] at 3.

To establish constructive notice, a plaintiff must set out enough detailed facts to show the hazard existed for a sufficiently long time or that there were substantially similar previous incidents. *See Arouza-Pai v. Carnival Corp.*, No. 21-CV-23511, 2022 WL 18673999, at *3 (S.D. Fla. Dec. 16, 2022) ("A plaintiff must allege facts to support his allegations of constructive notice and cannot rely on mere generalities or conclusory assertions."); *see also Edelman v. MSC Cruises, S.A.*, 24-cv-23060, 2025 WL 240840, at *5-6 (S.D. Fla. Jan. 17, 2025) ("Without any facts about the prior instances, the Court in [sic] unable to conduct the necessary inquiry to make that determination."). One prior injury may be sufficient to establish notice if there are substantial similarities. *Canyes v. Carnival Corp.*, 700 F. Supp. 3d 1102, 1115-16 (S.D. Fla. 2023). However, merely alleging that the hazard occurs frequently and there were previous incidents is insufficient to establish constructive notice. *See Holland*, 50 F.4th at 1096; *see also Donaldson v. Carnival Corp.*, No. 20-23258-CIV, 2020 WL 6801883, at *3 (S.D. Fla. Nov. 19, 2020) (finding vague allegations that prior incidents occurred was insufficient); *Bencomo v. Costa Crociere S.P.A. Co.*, No. 10-62437-CIV, 2011 WL 13175217, at *3 (S.D. Fla. Nov. 14, 2011) (finding an argument that wet decks occurred regularly and thus were foreseeable was not sufficient to create constructive notice).

Plaintiff fails to plead facts to establish that the hazard existed for a lengthy period of time or there were substantially similar incidents. Plaintiff's assertion that the hazard existed from the time the steward serviced the cabin to the accident not only fails to identify the correct hazard—

when Plaintiff pushed the bed upright after the steward left—but also fails to allege any amount of time that passed. Additionally, other than stating that work orders indicate that unidentified bunks have broken locks or are missing hardware, Plaintiff does not put forth any facts to describe the circumstances of those work orders, whether the work orders represent incidents where another passenger was injured, or whether any incident was substantially similar to this case. Without any facts about those alleged prior instances in the Amended Complaint, Plaintiff has failed to sufficiently allege that Defendant was on constructive notice of the dangerous condition.

In her Response, Plaintiff identifies a case describing a prior incident of a falling bunk on a Carnival vessel to support her contention that Defendant had constructive notice of the hazard. *See* ECF No. [18] at 3 (citing *Ewing v. Carnival Corp.*, No. 19-20264-CIV, 2020 WL 3839699 (S.D. Fla. July 7, 2020)). Defendant correctly points out that "a litigant cannot supplement his or her pleadings in a response to a motion to dismiss." *See* ECF No. [21] at 5 (quoting *Armbrust v. Carnival Corp.*, No. 1:09-cv-2649-JEC, 2011 WL 1882522, at *9 (S.D. Fla. Mar. 6, 2025)). Even so, the Court notes that Plaintiff's reliance on *Ewing* is misplaced because Plaintiff has not established that the facts of *Ewing* are substantially similar to the facts in this case. Rather, the incident in *Ewing* materially differs from Plaintiff's alleged incident as *Ewing* involved a falling bed that was locked by a steward, unlike here where Plaintiff alleges she stowed the bed herself. *See Ewing*, 2020 WL 3839699, at *4.

Additionally, Plaintiff's argument that Defendant had constructive notice because it adopted safety procedures and inspection policies to respond to the recurring danger of unsecured bunk beds is unsuccessful because it relies on a generalized foreseeability argument.[3] *See*

---

[3] In her Response, Plaintiff cites to *Ewing* to assert that safety protocols for bunk locks serve as evidence that Defendant was aware of the specific risk. *See* ECF No. [18] at 2. Plaintiff's reliance on *Ewing* is misplaced as the case considered the argument under a summary judgment standard and determined "a reasonable jury could view the procedure as evidence that Carnival had taken corrective measures 'due to

*Bencomo*, 2011 WL 13175217, at \*3. The Amended Complaint lacks sufficient factual detail to establish that Defendant had constructive notice based on the time the hazard existed or the recurrence of substantially similar incidents. Therefore, Plaintiff fails to sufficiently allege constructive notice, which is necessary to sustain her claims of direct negligence. Accordingly, Counts II and IV are due to be dismissed on this basis as well.

### 2. Negligent Mode of Operation

It is well-established that maritime law does not recognize claims alleging negligence under a mode of operation theory. *See Malley v. Royal Caribbean Cruises, Ltd.*, 713 F. App'x 905, 910 (11th Cir. 2017) (citing *Keefe*, 867 F.2d at 1322). However, because the direct liability claims are dismissed for failing to establish that Defendant had actual or constructive notice of the hazard, the Court does not address Defendant's argument that Count II alleges a negligent mode of operation theory of liability. *See* ECF No. [17] at 8-11.

### D. Leave to Amend.

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court is not required to grant a plaintiff leave to amend his complaint s*ua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). However, an exception exists when a complaint is dismissed on shotgun pleading grounds. "When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give [the litigant] one chance to replead before dismissing [the

---

a known danger.'" *Ewing*, 2020 WL 3839699, at \*21. Additionally, the safety procedures in *Ewing* were directly connected to the incident where a locked bed unexpectedly deployed, which differs from this case where the injury was caused by a bunk improperly stowed by a passenger.

litigant's] case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro Inc., v. Shabents*, 878 F.3d 1291, 1296 (11th Cir. 2018).

Here, Plaintiff did not file a motion to amend her Amended Complaint[4] nor did she request leave to amend in her Response.[5] *See generally* ECF No. [18]. Although the Amended Complaint is a shotgun pleading, the Amended Complaint is dismissed with prejudice because it lacks factual allegations sufficient to establish a basis for relief. *See Pop v. LuliFama.com, LLC*, 145 F.4th 1284, 1297-98 (11th Cir. 2025) (concluding there was no error in denying plaintiff leave to amend an insufficiently pled complaint under Fed. R. Civ. P. 9(b), stating that "[i]n short, it is not that we 'do not know whether' [plaintiff] has stated a claim; rather, we know that he has not."); *Ounjian v Globoforce, Inc.*, 89 F.4th 852, 862 (11th Cir. 2023) ("A district court may dismiss a complaint with prejudice where the plaintiff fails to request leave to amend, or where the complaint could not be more carefully drafted to state a valid claim."). When Plaintiff has not requested leave to amend, the Court declines to *sua sponte* grant leave, and the Amended Complaint is dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint, **ECF No. [17]**, is

   **GRANTED.**

---

[4] The deadline to file a motion to amend pleadings was January 20, 2026. *See* ECF No. [14].

[5] Even if Plaintiff had requested leave to amend in her Response, the request would not properly be before the Court. The Eleventh Circuit has held that a request for leave to amend contained in a response in opposition to a motion to dismiss is not properly before the court and "possesse[s] no legal effect." *See Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018). The court is "free to dismiss [plaintiff's] complaint with prejudice" on that basis alone without determining whether further amendment is futile, unless dismissal is based on shotgun pleading grounds. *See Pop v. LuliFama.com, LLC*, 145 F.4th 1284, 1297-98 (11th Cir. 2025).

2. Platiniff's Amended Complaint, **ECF No. [9]**, is **DISMISSED WITH PREJUDICE**.

3. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 23, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

16