**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-cv-24598-BLOOM/Elfenbein

SHAINA TAYLOR-BROOKS,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.
______________________________/

**ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff Shaina Taylor-Brooks' Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), ECF No. [23] ("Motion"). Defendant Carnival Corporation filed a Response, ECF No. [25].[1] The Court has reviewed the Motion, the Response, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

[1] The deadline for Plaintiff's Reply was May 7, 2026. On June 23, 2026, Plaintiff filed an Unopposed Motion for Leave to File Reply to Defendant's Response Out of Time, ECF No. [26]. The Court granted the Motion. ECF No. [28]. Shortly thereafter, Defendant filed a Motion to Revise Order Granting Plaintiff's Motion for Leave to File Plaintiff's Reply, informing the Court that Plaintiff's Motion for Leave incorrectly certified that Plaintiff had conferred with Defendant and asked the Court to amend its Order granting the motion and to deny Plaintiff's request to file an out of time Reply. ECF No. [29]. Plaintiff struck her Motion and thereupon filed another Motion for Leave to File a Reply to correct an inadvertent error. ECF Nos. [30], [31]. Plaintiff represented in her second Motion and the Reply to Defendant's Motion that Defendant opposed filing an out of time Reply. The Court does not find good cause to accept the out-of-time Reply. As such, Plaintiff's Motion for Leave, ECF No. [31], is denied.

## I. BACKGROUND

Plaintiff filed her Amended Complaint[2] alleging she was injured while a passenger aboard Defendant's vessel, *Carnival Conquest*. ECF No. [9] ¶ 1. On August 12, 2024, while sitting on the lower bed in her cabin, Plaintiff was injured when an overhead fold-out bunk bed fell onto her head. *Id.* ¶ 9. According to Plaintiff, unused upper bunk beds in the cabins may be secured to the wall when not in use. *Id.* ¶ 2. The bunk beds can only be stowed and locked using a specialized wrench/tool exclusively possessed by Carnival crew members, typically the cabin steward. *Id.* ¶ 3. Passengers do not have access to this tool. *Id.* Plaintiff contends that when the bed is properly locked using the crew's mechanical locking procedure, the bunk cannot be manually deployed by a guest and cannot fall unexpectedly. *Id.* ¶ 4. Defendant posts a sign stating: "CAUTION Please call attendant for assistance with the extra bed[.]" *Id.* ¶ 40.

On August 12, 2024, Plaintiff and her sister manually lifted and pushed the two unmade upper bunks upward. *Id.* ¶ 5. Plaintiff believed the beds were in an upright, stowed position. *Id.* Plaintiff and her sister then left the cabin to allow a steward, acting within the course and scope of his employment, to enter the cabin for servicing. *Id.* ¶¶ 6-7. Plaintiff contends that while the steward was in the cabin, he had exclusive control over the mechanical locking key, the bunk mechanism, and had the responsibility to secure the bunks under Defendant's policies. *Id.* ¶ 8. When Plaintiff returned to her cabin, Plaintiff again pushed the bunk upward, believed it was secure, sat on the lower bed, and the unsecured upper bunk fell onto her head. *Id.* ¶ 9. As a result, Plaintiff suffered head injuries and other harms. *Id.* ¶ 18.

[2] Plaintiff filed her Complaint on October 6, 2025. ECF No. [1]. On October 29, 2025, Defendant filed a motion to dismiss. ECF No. [6]. In response to the motion and pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff filed an Amended Complaint on November 12, 2025. ECF No. [9].

On March 24, 2026, the Court granted Defendant's Motion to Dismiss Amended Complaint and dismissed Plaintiff's Amended Complaint with prejudice ("Order"). ECF No. [22] at 16. In that Order, the Court determined that Plaintiff did not allege any facts to establish that the steward's negligent acts caused Plaintiff's injury because the Amended Complaint reflects that Plaintiff pushed the bed upright immediately before it fell on Plaintiff's head. *Id.* at 8-9. The Court also determined that Plaintiff did not adequately allege Defendant had notice of the hazard because the Amended Complaint does not establish that any employee had knowledge that Plaintiff pushed the bed upright immediately before it fell on her head, that the hazard existed for a sufficiently long period of time, or that there were substantially similar incidents. *Id.* at 10-14. Because the Amended Complaint lacked factual allegations sufficient to establish a basis for relief and because Plaintiff did not request leave to file a Second Amended Complaint, the Court dismissed the Amended Complaint with prejudice. *Id.* at 14-15. The Plaintiff now seeks reconsideration.

## II. LEGAL STANDARD

"While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b)." *Dingman v. Cart Shield USA, LLC*, No. 12-cv-20088, 2013 WL 2034984, at *2 (S.D. Fla. May 14, 2013) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993)).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Relief is proper under Rule 59(e) only if the party presents newly discovered evidence or demonstrates a manifest error of law or fact." *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] Rule 59(e) motion

[cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

Under Federal Rule of Civil Procedure 60(b), "courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.' " *Marques*, 805 F. App'x at 671 (quoting Fed. R. Civ. P. 60(b)). For a Rule 60(b) motion for relief from judgment to be successful under the catchall provision — Rule 60(b)(6) — the movant "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)). Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). "The burden is upon the movant to establish the extraordinary circumstances supporting

reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it w[ere] obliged to rule twice on the same arguments by the same party upon request").

Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

## III. DISCUSSION

Plaintiff's Motion asks the Court to reconsider its Order under Rule 59(e) because the Order "contains manifest errors of law." ECF No. [23] at 1.[3] Plaintiff identifies three errors of law: 1) the Court resolved a contested merits issue of proximate causation at the pleading stage; 2) the Court failed to credit Plaintiff's vicarious liability theory, which does not require notice; and 3) the Court erred in dismissing with prejudice without granting leave to amend. *Id.* Defendant responds that there is no basis to reconsider the Court's ruling.

### A. Theory of Vicarious Liability

Plaintiff argues that the Court erred in dismissing Count I for failing to allege causation because it did not separately analyze Count I under the vicarious liability framework and did not apply the controlling rule that vicarious liability does not require notice. ECF No. [23] at 5-6. Plaintiff argues it identified a specific employer performing a specific task who acquired specific knowledge and committed specific omissions, which is sufficient to sustain a vicarious liability claim. *Id.* The Court's conclusion that "[a]ny inference that Plaintiff would not have pushed the bed upright if the steward had acted differently does not rise above mere speculation" improperly resolves a merits question at the pleading stage. *Id.* at 7. Whether Defendant's failure to warn or take corrective measures were proximate causes, notwithstanding Plaintiff's subsequent

[3] In its Response, Defendant argues that Plaintiff's Motion is untimely as it was filed more than twenty-eight days after entry of the Order. ECF No. [25] at 5-6. The Court notes the Motion was filed two days late but nonetheless addresses the Motion on its merits.

interaction with the bunks, is a question of comparative fault to be brought as an affirmative defense. *Id.* at 7.

Defendant responds that the Court considered the vicarious liability claim and that the Court found that Plaintiff did not allege facts to establish the steward's negligent acts caused Plaintiff's injury. ECF No. [25] at 8. Plaintiff's cited cases are inapplicable to this case because the Court did not deny the Count because Plaintiff did not identify a negligent crewmember. *Id.* at 9.

The Court analyzed Count I under the correct vicarious liability standard. As the Order states, a vicarious liability claim must allege the negligence of an employee, which requires alleging the employee had a duty, breached that duty, the breach actually and proximately caused the plaintiff's injury, and the plaintiff suffered actual harm. *See* ECF No. [22] at 8 (citing *Yusko v. NCL (Bah.), Ltd.*, 4 F.4th 1164, 1167-1168 (11th Cir. 2021)). Plaintiff correctly states that notice is not required in a vicarious liability claim. However, the Court dismissed Count I because Plaintiff did not allege that the steward's actions caused Plaintiff's injury, which is an element of the employee's negligence underlying a vicarious liability claim. Therefore, the Court correctly applied the vicarious liability framework and did not err.

**B. Proximate Causation at the Pleading Stage**

Plaintiff argues that the Court inferred that Plaintiff's own act of pushing the upper bunk upward—not Defendant's failure to warn, secure, or otherwise correct the dangerous condition its steward had observed—was the cause of her injury. ECF No. [23] at 3. Whether a plaintiff's own conduct operates as a superseding cause that breaks the causal chain is a merits determination reserved for summary judgment or trial. *Id.* Plaintiff argues that her conduct cannot be treated as a superseding cause when the defendant knew the conduct was occurring, had acquired cabin-

specific notice of the hazard created by that conduct, and took no corrective action. *Id.* at 5. Plaintiff argues the design of the bunk beds invites the very conduct the defendant claims is a superseding cause and cannot, as a matter of law, render that conduct superseding. *Id.* Plaintiff cites to a Second Amended Complaint, attached to her Motion to outline additional allegations regarding the cause of the hazard. *See* ECF Nos. [23] at 4-5; [23-1].[4] Defendant responds that the Court did not err using its common sense to evaluate the plausibility of Plaintiff's claims at the pleading stage to conclude that the steward did not cause Plaintiff's incident. ECF No. [25] at 6-7.

The Court finds that Plaintiff has met its burden for the Court to reconsider its analysis of causation at the motion to dismiss stage. Upon reconsideration, the Court finds that Count I of the Amended Complaint sufficiently alleges causation at this stage of proceedings.

To prove causation, a plaintiff must establish "a cause and effect relationship . . . between the alleged tortious conduct and the injury"—that is, cause in fact (or "actual" or "but-for causation")—as well as the "foreseeab[ility]" of the "conduct in question" producing the alleged harm—i.e., "proximate causation." *Bell v. Beyel Bros., Inc.*, No. 2:16-CV-14461, 2017 WL 1337267, at *3 (S.D. Fla. Apr. 7, 2017) (quoting *Smith v. United States*, 497 F.2d 500, 506 (5th Cir. 1974)). Thus, at the motion to dismiss stage, it is enough if one can reasonably infer actual and proximate causation for Plaintiff's injuries from Defendant's alleged negligence. *Id.* ("The issue here is not whether Bell's actions *happened to be* links in the chain of facts leading to the vessel's capsizing. It is rather whether 'prudent human foresight would lead one to *expect*' the type of injury that occurred to follow from one such link, or if instead 'the individual's conduct is so

[4] The Court does not consider Plaintiff's attached Second Amended Complaint because it is not properly before the Court and the correct inquiry is whether Plaintiff's Amended Complaint stated a claim to survive dismissal.

unusual, extraordinary or bizarre' as to make the injury 'utterly unpredictable in light of common human experience.'").

A plaintiff alleges causation where a sufficiently detailed factual background of the incident is alleged along with allegations of the purported foreseeable causes of a plaintiff's injuries. *See Hung Kang Huang v. Carnival Corp.*, 909 F. Supp. 2d 1356, 1359–60 (S.D. Fla. 2012), *abrogated on other grounds by Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014) (finding that a complaint alleging "Plaintiff was injured *due to* the fault and/or negligence of Defendant Carnival" followed by fourteen subparagraphs listing alleged failures that resulted in Plaintiff's injuries was sufficient to give defendant notice of the claims against it) (emphasis in original; internal citation omitted); *see also Spall v. NCL (Bah.) Ltd.*, 275 F. Supp. 3d 1345, 1350 (S.D. Fla. 2016) (finding proximate cause was sufficiently alleged where the complaint alleged that "Defendant's failures and delay in taking reasonable responsive measures to Plaintiff's condition proximately caused the prolonged loss of oxygen to Plaintiff's vital organs and concurrent injury" and alleged the damages resulting because of the defendant's supposed negligence).

Here, Count I alleges that crew are trained "to inspect and secure bunks because guests often push bunks up without locking them, unknowingly creating dangerous condition." ECF No. [9] ¶13. The steward "observed—or reasonably should have observed—that the upper bunk had been pushed up without being mechanically locked" and that he failed to lock the bunk, perform the mandatory pull-down safety test, verbally warn Plaintiff of the danger, or eliminate the hazard." *Id.* ¶ 13-14. Thus, "as a direct and proximate result of the steward's negligent failure to secure the bunk," Plaintiff suffered injuries. *Id.* ¶ 18. Taking all inferences in Plaintiff's favor, because the steward failed to take those actions, Plaintiff pushed the bed upward and believed it was secure

until it fell on her head. *Id.* ¶ 9. Where Count I alleges that passengers "often" push beds up, Plaintiff has alleged that injury resulting from Plaintiff pushing the upward bunk to an unsecure position is a foreseeable result of failing to mechanically lock the upper bunk. This is sufficient to allege causation at the motion to dismiss stage. Whether Plaintiff's action was indeed foreseeable is to be determined at a later stage of proceedings. *See Bell*, 2017 WL 1337267, at *3 ("Ordinarily foreseeability is 'a question of fact for a jury to resolve.'").

However, Count I does not allege that the steward owed Plaintiff any duty. Count I alleges "Carnival owed Plaintiff a duty to ensure that its employees acted reasonably while performing cabin-servicing operations." ECF No. [9] ¶ 2. In a vicarious liability claim, Defendant's duty and actions are irrelevant. *See Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) ("[A] shipowner's duty to a plaintiff is not relevant to a claim based on vicarious liability."). Therefore, Count I has not alleged all elements of an employee's negligence required to sustain a vicarious liability claim.

**C. Dismissal with Prejudice and without Leave to Amend**

Plaintiff argues that she should have been granted leave to amend because the Court found that the Amended Complaint constitutes a shotgun pleading. ECF No. [23] at 7. Plaintiff argues that Eleventh Circuit is clear that a plaintiff must be given leave to amend, even if not requested, if the pleading is a shotgun pleading. *Id.* at [7]. Defendant responds that Eleventh Circuit precedent permits dismissal with prejudice when the Court can determine from the allegations that Plaintiff did not state a claim. ECF No. [25] at 10.

Even where a complaint may fall under one of the shotgun pleading categories, a court may address the merits of a motion to dismiss if the complaint is sufficiently clear for the defendant and the court to understand the claims alleged. *See Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*,

942 F.3d 1200, 1207-08 (11th Cir. 2019) (declining to dismiss a complaint on shotgun pleading grounds and affirming a dismissal of a claim on its merits, noting that the defendant, the district court, and the Eleventh Circuit understood the allegations and claims well enough to address their merits). The Court found that the Amended Complaint was a shotgun pleading, but its dismissal was based on Plaintiff's failure to state a claim—in Count I for failing to sufficiently allege the steward's negligence and in Counts II-IV for failing to allege notice as required for direct liability claims.[5] *See* ECF No. [22]. Dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits. *See N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). "An adjudication on the merits is, in turn, presumed to operate as a dismissal with prejudice unless the district court specifies otherwise." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (finding that "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice'")).

Moreover, Plaintiff did not request leave to amend, and a Court may dismiss with prejudice on that basis alone. *Ounjian v Globoforce, Inc.*, 89 F.4th 852, 862 (11th Cir. 2023) ("A district court may dismiss a complaint with prejudice where the plaintiff fails to request leave to amend, or where the complaint could not be more carefully drafted to state a valid claim.").

Therefore, the Court did not err by addressing the merits of the Amended Complaint and dismissing with prejudice. However, upon reconsideration of the Court's causation analysis in

[5] Contrary to what Plaintiff argues, the Court did not apply the heightened pleading standard under Rule 9(a) when determining whether the Amended Complaint stated a claim. The Court cites *Pop v. LuliFama.com, LLC*, 145 F.4th 1285, 1297-98 (11th Cir. 2025), to support the proposition that leave to amend need not be given when amendment would be futile. It is well-settled that futility is relevant when determining whether to grant leave to amend. *See Ounjian v Globoforce, Inc.*, 89 F.4th 852, 862 (11th Cir. 2023) ("A district court may dismiss a complaint with prejudice where the plaintiff fails to request leave to amend, or where the complaint could not be more carefully drafted to state a valid claim.").

Count I, the Court concludes that Count I fails to state a vicarious liability claim because it alleges Defendant's duty, not the steward's. The Court noted this deficiency in its prior Order when it found that "Count I is a shotgun pleading where it commingles allegations of Defendant's duty, a direct liability claim, with the steward's breaches, a vicarious liability claim. *See* ECF No. [25] at 7. Because Count I constitutes a shotgun pleading, Plaintiff must *sua sponte* be given leave to amend Count I.[6] *See Vibe Micro Inc., v. Shabents*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give [the litigant] one chance to replead before dismissing [the litigant's] case with prejudice on non-merits shotgun pleading grounds.").

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), **ECF No. [23]**, is **GRANTED in part and DENIED in part.**
    a. Defendant's Motion to Dismiss, **ECF No. [17]**, is **GRANTED in part and DENIED in part** as to Count I of Plaintiff's Amended Complaint.
    b. Count I of Plaintiff's Amended Complaint is **DISMISSED without prejudice** as a shotgun pleading.
    c. **By August 27, 2026**, Plaintiff shall file a Second Amended Complaint as to Count I consistent with this Order.
2. Defendant's Motion to Amend/Correct Order on Motion for Leave to File, **ECF No. [29]**, is **DENIED as moot**.

[6] Plaintiff's Motion does not seek reconsideration of the Court's conclusion that the direct liability claims did not allege notice and thus were dismissed for failing to state a claim.

3. Plaintiff's Motion for Leave to File Reply to Defendant's Response in Opposition, **ECF No. [31]**, is **DENIED**.
4. Defendant's Motion to Set Status Conference, **ECF No. [37]**, is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 24, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record